IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL G. WILLIAMS,**

        Petitioner,

    vs.

**LISA J.W. HOLLINGSWORTH,**

        Respondent.

CIVIL ACTION
No. 12-3043-RDR

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 by a prisoner at the United States Penitentiary, Leavenworth, Kansas.

Petitioner challenges the execution of his federal sentence imposed by the U.S. District Court for the Northern District of Texas and based upon the quantity of crack cocaine involved in the criminal conduct.

Petitioner acknowledges that he has not sought relief under the administrative remedy procedure available to federal prisoners, *see* 28 C.F.R. §§ 542.10-542.19, and he argues that resort to that remedy procedure is futile.

The exhaustion of the administrative remedy process is a prerequisite to the pursuit of relief under § 2241. *See Williams*

*v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986)(per curiam). This exhaustion requirement is met by the proper use of available administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

There is a narrow exception to the exhaustion requirement where a petitioner can show that exhaustion would be futile. *Garza v. Davis*, 596 F.3d 1198, 1203-04 (10th Cir. 2010). In the Tenth Circuit, this futility exception has been applied "where there is a recent, adverse determination disposing of the precise point raised by the petitioner seeking to apply the exhaustion requirement." *Holman v. Booker*, 166 F.3d 347, *3 (Table)(10th Cir. 1998).

Here, the court finds no basis to allow petitioner to bypass the exhaustion requirement. The petitioner has not pointed to any recent determination that would be essentially indistinguishable from his circumstances, and the well-established exhaustion requirement should not be easily excused.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is denied without prejudice to allow petitioner to pursue administrative remedies.

A copy of this order shall be transmitted to the petitioner.

2

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 17th day of April, 2012.

                                        S/ Richard D. Rogers
                                        RICHARD D. ROGERS
                                        United States Senior District Judge